UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES C. WINDING,

      *Plaintiff*,

  v.                              Civil Action No. 25 - 4474 (UNA)

DEBRA M. BROWN,

      *Defendant*.

**MEMORANDUM OPINION**

Plaintiff James C. Winding, proceeding pro se, filed this action against Chief Judge Debra Brown of the District Court for the Northern District of Mississippi, Chief Judge Halil Ozerden of the District Court for the Southern District of Mississippi, Chief Justice Michael Randolph of the Mississippi Supreme Court, and Judges Kyle Duncan and Dana Douglas of the U.S. Circuit Court of Appeals for the Fifth Circuit. ECF No. 1, at 2.[1] Mr. Winding challenges his detention based on an allegedly void state-court indictment and requests his release from custody and a "[f]ederal [i]nvestigation" into his "concern(s)." *Id.* at 4-6. He also has moved for leave to proceed *in forma pauperis*. ECF No. 2. For the following reasons, the court will grant Mr. Winding's motion for leave to proceed *in forma pauperis* and dismiss the case for lack of jurisdiction.

Mr. Winding contends that he was "thrown into prison without fundamental [d]ue [p]rocess of law" because he was never properly charged, booked, or indicted. ECF No. 1, at 5. He further asserts that sexual battery, the crime for which he was convicted, "[l]egally does not exist" and

---

[1] The citations to all filings refer to the ECF-generated page numbers at the top of each page rather than any internal pagination.

instead was "[m]anufactured . . . by the State and [u]pheld by . . . judges." *Id.* Notwithstanding his request for a federal investigation into his confinement, Mr. Winding seeks "release by [h]abeas [c]orpus" due to a "void" judgment of conviction. *Id.* at 6. Because Mr. Winding is challenging his commitment, his exclusive remedy is to petition for a writ of habeas corpus. *Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 666 (D.C. Cir. 2013) ("[A] federal prisoner need bring his claim in habeas . . . if success on the merits will 'necessarily imply the invalidity of confinement or shorten its duration.'" (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005))). Accordingly, the court construes the complaint as a petition for a writ of habeas corpus.

To the extent Mr. Winding "alleges that he is 'in custody in violation of the Constitution or laws or treaties of the United States,' his avenue for relief is 28 U.S.C. § 2241." *Greer v. United States*, No. 24-CV-587, 2025 WL 819573, at *1 (D.D.C. Mar. 13, 2025). "A writ of habeas corpus specifically acts upon the individual physically holding the prisoner in custody, rather than upon the prisoner himself, and to that end, a petitioner's 'immediate custodian' is the only proper respondent in a Section 2241 habeas corpus action." *Id.* (citation omitted) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004)). "Indeed, 'a district court may not [even] entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction.'" *Id.* (quoting *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1238 (D.C. Cir. 2004)). Accordingly, the court cannot consider Mr. Winding's request for relief, and he must file any action in the appropriate federal district court in Mississippi.

To the extent Mr. Winding is challenging his underlying state indictment and conviction—which appears to the case from his complaint, *see* ECF No. 1, at 3-6—federal habeas review of state convictions is available under 28 U.S.C. § 2254, but only after exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). As with habeas petitions under Section 2241, district courts

are limited to granting "[w]rits of habeas corpus . . . *within their respective jurisdictions*." *Id.* § 2241(a) (emphasis added); *see id.* § 2241(d) ("[A]n application for a writ of habeas corpus . . . made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced . . . ."); *see also Greer*, 2025 WL 819573, at *2. "[T]hat language has been interpreted as 'limit[ing] the power of a district court to hear and determine a prisoner's petition for habeas corpus to those situations where the prisoner both is physically present in the court's territorial jurisdiction and is detained or held in custody within that jurisdiction.'" *Harris v. United States*, 148 F. Supp. 3d 1, 1 (D.D.C. 2015) (quoting *U.S. ex rel. Rudick v. Laird*, 412 F.2d 16, 20 (2d Cir. 1969)).

In light of these principles, this court lacks jurisdiction to entertain Mr. Winding's habeas petition because Mr. Winding is not physically present and confined in the District of Columbia, he has not named his immediate custodian as the respondent to this action, and he has not alleged that this court would have personal jurisdiction over that custodian.[2]

For the foregoing reasons, the court will grant Mr. Winding's motion to proceed *in forma pauperis* and dismiss the complaint and the case without prejudice for lack of jurisdiction. A contemporaneous order will issue.

---

[2] The court would ordinarily consider transferring Mr. Winding's petition to the Southern District of Mississippi—the jurisdiction in which he is confined—but Mr. Winding is subject to a filing restriction in the Fifth Circuit related to this conviction. *See* Order Applying Fifth Circuit Mandate and Dismissing Transferred Case, *Winding v. United States*, No. 25-CV-137 (S.D. Miss. Nov. 21, 2025), ECF No. 11 (quoting *In re Winding*, No. 22-20065 (5th Cir. Jan. 10, 2023)).

/s/ L. Alikhan
_____
LOREN L. ALIKHAN
United States District Judge

Date: February 19, 2026